92 F.3d 1192
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Stanley KNAPP, on behalf of himself and all others similarly
situated, Plaintiff-Appellee,
v.
Philip J. GOMEZ; Douglas J. O'Connor, Defendants-Appellants.
Stanley KNAPP, on behalf of himself and all others similarly
situated, Plaintiff-Appellant,
v.
Philip J. GOMEZ; Douglas J. O'Connor; Ernst & Whinney,
Defendants-Appellees.
 No. 94-56380, 94-56381.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 6, 1996.*
Decided July 23, 1996.
 
 Before: WALLACE, FERGUSON, and T.G. NELSON, Circuit Judges.
 
 MEMORANDUM
 
 1
 Gomez and O'Connor appeal from a general jury verdict holding them liable for violating the securities laws. This disposition resolves solely the issues raised by Gomez and O'Connor in their pro se appeal. The district court had jurisdiction pursuant to 15 U.S.C. § 78aa and 28 U.S.C. § 1331. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 2
 A district court's evidentiary rulings are reviewed for an abuse of discretion and should not be reversed absent some prejudice. Roberts v. College of the Desert, 870 F.2d 1411, 1418 (9th Cir.1988). Gomez and O'Connor incorrectly argue that they were denied a fair trial because the jury was unable to hear that the SEC investigated and declined to take action. See 15 U.S.C. §§ 77w, 78z (SEC approval of registration statements or refusal to take action not to be construed as an expression of opinion as to reliability or fault).
 
 
 3
 They next argue that the district court should have suppressed the testimony of a handwriting expert and should have admitted into evidence an affidavit from Connors, whose alleged handwriting was analyzed. As to the handwriting expert, Gomez and O'Connor argue that the probative value of the expert's testimony was outweighed by the prejudicial effect. See Fed.R.Evid. 403. Considering the probative value of the testimony--that the ATV's CFO had read the prospectus and recognized potential problems--the court did not abuse its discretion in allowing the expert to testify. In addition, the expert's name was on the list submitted to the court in a pretrial conference report. The district court also did not abuse its discretion in refusing to admit the affidavit. Connors could be deemed available to testify and Gomez and O'Connor do not explain why they could not have called him as a witness.
 
 
 4
 Next, Gomez and O'Connor argue that Gleitsmann, an accountant who testified as an expert witness, presented forecasts that were "ludicrous." This is not an alleged error on the part of the trial court; any unrealistic testimony could have been discredited at trial. They also assert that she testified beyond her expertise. Neither Gomez nor O'Connor objected at trial to Gleitsmann's testimony on this ground.
 
 
 5
 Gomez and O'Connor also argue that Knapp should have sued California Savings and Loan and that they were denied the opportunity to prove the fault of settling defendants. The former argument is frivolous; Knapp need not have named all potential defendants. The latter argument is also meritless. No trial court decision prevented them from blaming other defendants for the wrong. In fact, the record indicates that Gomez and O'Connor did argue that they were not responsible.
 
 
 6
 Finally, the instructions on apportioning blame were clear.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4